UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD SATISH EMRIT,<br>Plaintiff,<br>v.<br>OBAMA, et al.,<br>Defendants. | CASE NO. 2:26-cv-01316-JHC<br>ORDER |

Plaintiff, who is pro se and proceeding in forma pauperis, filed this action against "Former President Barack Hussein Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Supreme Court Justice Kentanji Brown-Jackson, Former Prince Andrew of the Windsors, and British Prime Minister Keir Starmer." Dkt. # 5 at 2-3. While it is difficult to understand exactly what Plaintiff is arguing in the complaint, he seems to bring claims against former president Barack Obama for defamation, public nuisance, industrial espionage, and tortious interference with business contracts related to his appearances on interviews and podcasts. *See* Dkt. # 5 at 6. Plaintiff seeks $500 billion in "punitive, compensatory, treble, actual, presumed, and special damages." Dkt. # 5 at 7.

A complaint filed by any party that seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915(a) is subject to screening. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc). If a court determines that a complaint filed under 28 U.S.C. § 1915(a) is frivolous, malicious, fails to state a claim, or seeks damages from defendants immune from such relief, the court must dismiss the case sua sponte. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). To adequately state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Still, when the plaintiff is pro se, a court must "construe the pleadings liberally and afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

"Under the [first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Emrit v. Universal Music Grp.*, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (quoting *Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997)). The parties and issues in each action "need not be identical, only substantially similar." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

Plaintiff filed this case on April 8, 2026. *See* Dkt. # 1. By then, Plaintiff had already filed substantially the same complaint in at least one other district court. *See Emrit v. Obama*, 2026 WL 2210045, at *6 (N.D.N.Y. July 31, 2026). In fact, Plaintiff has filed a nearly identical complaint in at least twenty-eight other districts. *See Emrit v. Obama*, 2026 WL 1021173, at *1 (D.S.D. Apr. 15, 2026) (collecting cases). "A well-documented 'serial pro se filer' since

approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide," and multiple district courts have found that he is a vexatious litigant or subjected him to prefiling requirements. *Emrit v. Cent. Intel. Agency*, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022), *report and recommendation adopted*, 2022 WL 1573175 (N.D. W. Va. May 18, 2022) (citation modified).

Under the first-to-file rule, the Court finds that Plaintiff has filed duplicative cases and that this case should be dismissed. *See Emrit*, 2019 WL 6251365, at *2. Additionally, even construing Plaintiff's complaint liberally, as the Court must because Plaintiff is pro se, the Court agrees with the several other district courts that have found the complaint frivolous. *See e.g.*, *Emrit*, 2026 WL 2210045, at *6; *Presidential Candidate No. P60005535 v. Obama*, 2026 WL 1362185, at *2 (D. Idaho May 15, 2026); *Emrit v. Obama*, 2026 WL 1127357, at *2 (D. Mass. Apr. 9, 2026), *report and recommendation adopted*, 2026 WL 1125091 (D. Mass. Apr. 24, 2026).

For the above stated reasons, the Court DISMISSES Plaintiff's Complaint with prejudice. Dkt. # 1.

Dated this 14th day of September, 2026.

John H. Chun

John H. Chun
United States District Judge